UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 09 2019
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 554 |
| v. | Judge Charles R. Norgle |
| JOEL ANDRADE, also known as "Wedo" | |

## PLEA AGREEMENT

1.  This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR. and defendant JOEL ANDRADE, and his attorney, ROBERT RASCIA, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.  The indictment in this case charges defendant with distribution of 100 grams or more of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

3.  Defendant has read the charge against him contained in the indictment, and that charge have been fully explained to him by his attorney.

4.  Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5.  By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with distribution of a controlled substance, namely, 100 grams or more of a mixture or substance containing a detectable

amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about May 29, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JOEL ANDRADE knowingly and intentionally distributed a controlled substance, namely, 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

More specifically, on or about May 28, 2018, ANDRADE exchanged text messages, Snapchat messages and recorded calls with an individual who, unbeknownst to ANDRADE was cooperating with law enforcement ("CS-1"). During these communications, they discussed ANDRADE selling 50 grams of heroin to CS-1.

The following day, on or about May 29, 2018, at approximately 12:00 p.m., ANDRADE spoke by the phone with CS-1 via Snapchat, and ANDRADE agreed to sell 100 grams of heroin to CS-1.

That same afternoon, at approximately 2:48 p.m., ANDRADE spoke with CS-1 over the phone, and they agreed to meet in the area of Cicero and Cermak to conduct

2

the heroin transaction. ANDRADE and CS-1 thereafter maintained contact with each other throughout the afternoon via phone and Snapchat. At approximately 5:30 p.m., ANDRADE spoke by phone with CS-1 and determined CS-1's location in a parking lot in the area of Cicero and Cermak.

That same afternoon, at approximately 5:32 p.m., ANDRADE drove into the parking lot where CS-1 was located and parked nearby to CS-1. CS-1 got out of CS-1's car, walked up to ANDRADE'S car and got into the front passenger seat. While inside of the car, CS-1 handed $6,300 to ANDRADE and ANDRADE distributed to CS-1 a green tinted plastic bag that contained heroin. CS-1 requested another package to transport the heroin and ANDRADE gave CS-1 a white plastic U.S. Postal Service package that had a label on the front, which displayed ANDRADE'S name and address.

ANDRADE acknowledges that the contents of the green tinted plastic bag that he distributed to CS-1 contained 113.3 grams of heroin.

## **Maximum Statutory Penalties**

7. Defendant understands that the charge to which he is pleading guilty carry the following statutory penalties:

    a. A mandatory minimum sentence of 5 years, a maximum sentence of 40 years' imprisonment, and a maximum fine of $5,000,000. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. Defendant further understands that the judge must also

impose a term of supervised release of at least four years, and up to any number of years, including life.

   b.   Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

4

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b. **Offense Level Calculations**.

i. Pursuant to Guideline §§ 2D1.1 (a)(5) and (c)(8), the base offense level is 24 because the amount of heroin involved in the offense for which defendant is accountable is 113.3 grams, which is more than 100 grams but less than 400 grams.

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its

resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 10 and defendant's criminal history category is V:

    i. On or about November 9, 2009, defendant was convicted of assault in the Circuit Court of Cook County, Illinois, and sentenced to one year of supervision. On or about July 16, 2010, defendant violated his supervision and was sentenced to 30 days' imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

    ii. On or about September 15, 2010, defendant was convicted of manufacture/delivery 10 grams or more but less than 30 grams of cannabis in the Circuit Court of Cook County, Illinois, and sentenced to one-year imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

    iii. On or about May 5, 2011, defendant was sentenced in the Circuit Court of Cook County, Illinois, to two days' imprisonment for reckless conduct.

Pursuant to Guideline § 4A1.2(c)(1), defendant receives zero criminal history points for this conviction.

    iv. On or about October 19, 2011, defendant was convicted of possession of a controlled substance in the Circuit Court of Cook County, Illinois, and sentenced to one-year imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

    v. On or about June 13, 2016, defendant was convicted of armed robbery in the Circuit Court of Cook County, Illinois, and sentenced to six years imprisonment. On or about November 22, 2016, defendant was released from custody and began a three-year term of supervised release. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this conviction.

    vi. Defendant committed the instant offense while under a criminal justice sentence, namely, a term of supervised release imposed as a result of the conviction for armed robbery that is detailed in paragraph 9(c)(v). Pursuant to Guideline § 4A1.1(d), defendant receives two criminal history points.

  2. **Career Offender**. It is the Government's position that, pursuant to Guideline §§ 4B1.1(a) and 4B1.2, defendant is a career offender where he was at least 18 years old at the time he committed the instant offense, the instant offense is a felony controlled substance offense, and defendant committed the instant offense after sustaining two or more felony convictions for either a crime of violence or a controlled substance offense, namely, the offenses in paragraphs 9(c)(ii) and (v) above.

Therefore, pursuant to Guideline § 4B1.1(b), defendant's criminal history category is VI. Pursuant to Guideline § 4B1.1(b), the base offense level set forth in paragraph 9(b)(i) above does not apply because the base offense level under § 4B1.1(b), 34, is greater than the base offense level otherwise applicable, 24. Defendant disagrees as a matter of law and will present argument on this issue at sentencing:

        d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 31, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory sentencing guidelines range of 188-235 months' imprisonment, in addition to any supervised release and fine the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

        e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation

officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a

condition of any term of supervised release or probation imposed in this case, a requirement that defendant repay the United States $6,300 as compensation for government funds that defendant received during the investigation of this case.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. Before sentence is imposed, the government will move to dismiss the notice of prior conviction relating to defendant filed pursuant to Title 21, United States Code, Section 851.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

16. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 18 CR 554.

17. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.    **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a

reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

      b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to

trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

19. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

20. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

21. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility

13

pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

22. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

24. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

25.  Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

26.  Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27.  Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____

_____
JOHN R. LAUSCH, JR. by C. Hotaling
United States Attorney

_____
AARON R. BOND
Assistant U.S. Attorney

_____
JOEL ANDRADE
Defendant

_____
ROBERT RASCIA
Attorney for Defendant